United States District Court
Southern District of Texas
ENTERED
September 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIO ALFONSO HERNANDEZ SANCHEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-07714 |
| | § | |
| RAYMOND THOMPSON, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

At the time the petitioner, Mario Alfonso Hernandez Sanchez, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his detention, he was in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Joe Corley Processing Center in Conroe, Texas. *See* Doc. No. 1. The Court sent the petitioner a Notice to Pro Se Litigant of Case Opening, which was returned to sender with a notation that the petitioner "Left on 9-15-26 No longer here –." Doc. No. 4 at 2. It also appears that the petitioner has not paid the $5.00 filing fee for habeas actions nor moved for leave to proceed *in forma pauperis*.

While it is not clear whether the petitioner was transferred to another facility or removed from the United States, he has not updated his address to provide the Court with a current, valid address as required by Rule 83.4 of the Local Rules for the Southern District of Texas, Houston Division. Under that rule, a *pro se* litigant is responsible for keeping

the Clerk advised in writing of his current address. The Court will only send notices to the address on file. Under the inherent powers necessarily vested in a district court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (stating that "[t]he failure to comply with an order of the court is grounds for dismissal with prejudice"); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order).

The petitioner is advised, however, that relief from this Order may be granted upon a proper showing by filing a motion under Rule 60(b) of the Federal Rules of Civil Procedure within 30 days of this Order. At a minimum, a proper showing under Rule 60(b) includes full compliance with the Court's previous notices or orders, including paying the $5 filing fee or submitting a properly supported motion to proceed *in forma pauperis* and providing a current, valid address pursuant to the Local Rules.

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. This case is **DISMISSED** without prejudice for want of prosecution.
2. All pending motions are **DENIED as MOOT**.

SIGNED on this 23rd day of September 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE